**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CRISTINE WICK,

Plaintiff,

v.

EVERBRIDGE, INC. ET AL.,

Defendants.

No. 2:25-cv-05333-CV-AYP

**MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO QUASH SUBPOENAS ISSUED TO GALLAGHER NORTH AMERICA AND VUNETRIX, INC. (DKT. NO. 29 AND 30)**

## I.

## INTRODUCTION

This matter comes before the Court on Plaintiff's First Motion to Quash Subpoena for Documents, Information, Or Objects, Or to Permit Inspections of Premises in a Civil Action to Gallagher North America (Dkt. No. 29), and Plaintiff's First Motion to Quash Subpoena for Documents, Information, Or Objects, Or to Permit Inspection of Premises in a Civil Action to Vunetrix, Inc. (Dkt. No. 30). Plaintiff's Motions (the "Motions

to Quash") arise out of an employment discrimination action (the "Action") filed by Plaintiff Cristine Wick ("Plaintiff") against Defendant Everbridge, Inc ("Defendant") alleging disability discrimination under the Fair Employment And Housing Act ("FEHA"), retaliation, denial of leave under the California Family Rights Act ("CFRA"), California Labor Code Section 1102.5, wrongful termination, and violation of public policy. (Dkt. No. 1.)

Plaintiff seeks an order to quash the subpoena served by Defendant on Gallagher North America ("Gallagher") (Dkt. No. 29) and Vunetrix, Inc. ("Vunetrix") (Dkt. No. 30) seeking Plaintiff's employment records from her previous employers. Plaintiff asserts that the records sought are protected by Plaintiff's right to privacy and the information sought by Defendant is not relevant to the subject matter of Plaintiff's Action.

Defendant argues that prior employment records are routinely and appropriately used to assess performance history, damages, mitigation, and credibility in employment cases, which are all matters Plaintiff has squarely placed at issue in this Action. Defendant further contends that it seeks targeted discovery from Plaintiff's immediately preceding employer, covering only 11 months of employment with one employer and two years and 8 months from the other, immediately preceding her employment with the defendant. Defendant asserts that the requested discovery is therefore consistent with proportionality principles and this Court's directives. (Dkt. No. 31 & 32.)

## II.

## RELEVANT BACKGROUND

Defendant terminated Plaintiff on or about July 9, 2024. (Dkt. No. 29

at 3.) Defendant contends that Plaintiff was terminated as part of an organization-wide restructuring following a "go private" transaction in which it was acquired by a private equity firm ("RIF"). (Dkt. No. 31 at 5.) Defendant contends that Plaintiff's performance played a role in her inclusion in that restructuring (in addition to other neutral factors). *Id*. Plaintiff claims that Defendant terminated her because she took leaves of absence, lodged complaints, and due to her disability. (Dkt. No. 29, 30, 31 & 32.)

On December 30, 2025, Everbridge served a subpoena to Plaintiff's two former employers, Gallagher and Vunetrix which sought the following documents:

- **REQUEST NO. 1:** Cristine A. Wick's entire non-privileged personnel file.
- **REQUEST NO. 2:** Any and all Documents or communications in Your or Your Affiliate's possession, custody, or control referring or relating to Christine A. Wick's work with you, not otherwise included in Wick's personnel file including, but not limited to, any documents relating to her application for employment, interview, hiring, description of job duties, job descriptions, promotion, evaluation, compensation information, attendance, leaves of absence, disclosure of disabilities, requests for accommodation, memorandum, notes, complaints, medical records, worker's compensation records and disability claim, and offers of regular and/or modified work.
- **REQUEST NO. 3:** Any and all Documents or communications in Your or Your Affiliate's possession, custody, or control referring or relating

to Christine A. Wick's payroll and wage information including, but not limited to, pay stubs, wage statements, time sheets, and W-2's. (Dkt. Nos. 29, 30, 31 & 32.)

Plaintiff asserts that Defendant's subpoenas seek documents that contain confidential and private information protected from disclosure by Plaintiff's privacy rights. Plaintiff further argues that Defendant cannot show that documents contained within Plaintiff's personnel file from her previous employers are relevant to the issues in this case. Plaintiff asserts that Defendant made the decision to terminate Plaintiff without any reference or consideration to any performance issues Plaintiff may or may not have had at a previous employer. Thus, any documents included within Plaintiff's personnel files would fail to reveal anything relevant about Defendant's decision to terminate Plaintiff, as Defendant did not have access to these records when it made the decision to terminate Plaintiff. (Dkt. Nos. 29 & 30.)

Defendant argues that Plaintiff's prior employment records are relevant because they "may reveal patterns of performance issues directly relevant to the employer's defenses" and that Plaintiff put her medical condition at issue because she asserted claims and damages attached to her alleged disability. (Dkt. No 31 at 12-15.) Defendant further argues that the subpoenas are narrowly tailored in time and scope and that the documents are relevant to damages, the underlying claims, and are only available through the two prior employers. (Dkt. Nos. 31 & 32.)

Based upon the written submissions, the IDC hearing, and arguments

by the parties, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motions to Quash.

## III.
## PERTINENT LAW

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). District Courts have broad discretion in determining the relevancy of discovery requests. *Pizzuto v. Tewalt*, 136 F.4th 855, 868 (9th Cir. 2025). In evaluating proportionality, courts consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1), (b)(2)(C). Information within the foregoing scope of discovery need not be admissible in evidence to be discoverable. *Id*.

Rule 45 permits a party to serve a subpoena commanding a nonparty "to attend and give testimony or to produce and permit inspection and copying of documents. Fed. R. Civ. P. 45(a)(1)(C). Rule 45 subpoenas must meet the same requirements applicable to any discovery sought because "[t]he scope of discovery [sought] through a subpoena under Rule 45 is the same as the scope of discovery under Rule 26(b)." *Intermarine,*

*LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1217 (N.D. Cal. 2015) (citation omitted); *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 530 (N.D. Cal. 2015) (citing the Advisory Committee Notes to Rule 45). Federal Rule of Civil Procedure 26 limits the scope of discovery to nonprivileged matters that are relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Under Rule 45(d)(3), a court is required to quash or modify a subpoena if it: (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). " 'Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.' " *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. Cal. 2010) (quoting 9A Charles Wright & Arthur Miller, Federal Practice & Procedure, § 2459 (3d ed. 2008)); *see also Robin Singh Educ. Servs., Inc. v. Cepelinski*, 2021 WL 945243, at *13 (C.D. Cal. Jan. 26, 2021); *Jiae Lee v. Dong Yeoun Lee*, 2020 WL 7890868, at *5 (C.D. Cal. Oct. 1, 2020).

A party that is not the recipient of a subpoena has standing to challenge the subpoena "where its challenge asserts that the information is privileged or protected to itself." *Diamond State Ins. Co. v. Rebel Oil Co.,*

*Inc.*, 157 F.R.D. 691, 695 (D. Nev. 1994)(citations omitted). Federal courts expressly recognize a constitutionally-based right of privacy that can be raised in response to discovery. *Breed v. U.S. Dist. Ct.*, N. Dist. Cal., 542 F.2d 1114, 1116 (9th Cir. 1976). However, a party seeking discovery of private information need not always establish a compelling interest or compelling need. (*See Williams v. Superior Ct.*, 3 Cal. 5th 531, 557 (2017) "To the extent prior cases require a party seeking discovery of private information to always establish a compelling interest or compelling need, without regard to the other considerations articulated in *Hill v. National Collegiate Athletic Assn.*, *supra*, 7 Cal.4th 1, 26 Cal.Rptr.2d 834, 865 P.2d 633, they are disapproved."). The California Supreme Court has established that "Courts must instead place the burden on the party asserting a privacy interest to establish its extent and the seriousness of the prospective invasion, and against that showing must weigh the countervailing interests the opposing party identifies…" *Id*.

"Privacy and privilege are distinct concepts. Information may be private but not necessarily privileged." *Gutierrez v. Mora*, 2019 WL 8953125, at *4 (C.D. Cal. Dec. 14, 2019). "Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (citation omitted); *see Merlo v. McDonough*, 2021 WL 4434336, at *2 (C.D. Cal. Aug. 2, 2021) (even though medical records are not a legally recognized privilege, a party's privacy interest renders them "other protected matter" and affords the party standing to challenge

the subpoena). "In determining whether privacy is subject to invasion, the court must balance [the] asserted right to privacy against the relevance and necessity of the information sought ...." *Edwards v. Cnty. of Los Angeles*, 2009 WL 4707996, at *3 (C.D. Cal. Dec. 9, 2009) (citing cases). "[T]he party who moves to quash a subpoena has the burden of persuasion." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (internal quotation marks and citation omitted).

To evaluate privacy objections, the Court must balance the party's need for the information against the individual's privacy right, particularly as those rights relate to employment files. *Tierno v. Rite Aid Corp*., No. C 05-02520 THE, 2008 WL 3287035, at *3 (N.D. Cal. July 31, 2008). *See also generally Burk v. Crisis24, Inc.,* No. 24-cv-04698, 2025 U.S. Dist. LEXIS 121155 (C.D. Cal. May 7, 2025)(allowing discovery into plaintiff's prior and subsequent employment records where they were highly relevant, sufficiently tailored and protected by a protective order); *Davis v. Kelly Servs., Inc.*, No. CV 17-1699, 2017 U.S. Dist. LEXIS 226105, at *15-17 (C.D. Cal. July 12, 2017).

Here, the Plaintiff has standing to challenge the subpoenas and has a legitimate privacy interest in her employment related files. However, because the Plaintiff has put her employment records at issue by bringing this employment Action, those privacy rights are reduced. *See Smith v. Legacy Partners Inc.*, 221CV00629JHCBAT, 2022 WL 1194125, at *4 (W.D. Wash. Apr. 21, 2022); *Sirota v. Penske Truck Leasing Corp.*, No. C05-03296 SI, 2006 WL 708910, at *2 (N.D. Cal. Mar. 17,

2006) (permitting personnel record subpoenas addressed to the former employers). Nevertheless, the requested discovery must be relevant to the subject matter involved in a pending action and must not be based on the requesting party's mere suspicion or speculation. *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990)).

## IV.

## DISCUSSION

### A. REQUEST NO. 1.

Request No. 1 seeks Cristine A. Wick's entire non-privileged personnel file.

Courts have held that seeking "any and all documents" or the entire personnel records from previous employers are overly broad on their face and amount to a fishing expedition. *See Lewin v. Nackard Bottling Co.*, CV10-8041-PCT-FJM, 2010 WL 4607402, at *1 n.1 (D. Ariz. Nov. 4, 2010) (quashing subpoenas requesting plaintiff's complete personnel records from former employers as overbroad); *Maxwell v. Health Ctr. of Lake City, Inc.*, 3:05-CV-1056-J32MCR, 2006 WL 1627020, at *3 (M.D. Fla. June 6, 2006) (quashing subpoenas requesting plaintiff's complete personnel records from former employer as overbroad).

Moreover, Request No 2 is duplicative of Request No 1. Hence, Plaintiff's Motions to Quash Request No. 1 are GRANTED.

### B. REQUEST NO. 2:

Request No 2 again seeks Plaintiff's personnel files but also identifies specific documents.

> Any and all Documents or communications in Your or Your Affiliate's possession, custody, or control referring or relating to Christine A. Wick's work with you, not otherwise included in Wick's personnel file including, but not limited to, any documents relating to her application for employment, interview, hiring, description of job duties, job descriptions, promotion, evaluation, compensation information, attendance, leaves of absence, disclosure of disabilities, requests for accommodation, memorandum, notes, complaints, medical records, worker's compensation records and disability claim, and offers of regular and/or modified work.

Plaintiff argues that prior employment records have no bearing on Plaintiff's performance with the Defendant. Defendant asserts that performance was a factor in the Reduction in Force ("RIF") which led to Plaintiff's termination and Plaintiff's termination was not in retaliation for engaging in a protected activity.

Defendant asserts that because Plaintiff argues that the RIF was a pretext for retaliation, evidence related to performance is relevant and proportional to support Defendant's defense. At the IDC hearing, the parties do not dispute that the work performed by the Plaintiff at the prior employer is similar in nature to the work performed with Defendant. (Dkt. No. 27.) Whether Plaintiff's performance is consistent or inconsistent prior to working for Defendant is relevant to Defendant's defenses.

To the extent Request 2 seek documents from "affiliates" and not the employer that directly employed Plaintiff, the Court GRANTS the Motions to Quash. The Court limits the scope to employers that directly employed

the Plaintiff. Seeking records from an unknown number of entities is not proportional to the claims or defenses in this Action.

To the extent defendant seeks "any and all documents or communications in your or your affiliate's possession, custody, or control referring or relating to Christine A. Wick's work with you, not otherwise included in Wick's personnel file", the request is overly broad. Seeking discovery of such a broad scope of documents violates Plaintiff's right of privacy and is not narrowly tailored and proportional to the claims or defenses in this case.

1. Personnel Files

> Request No. 2, specifically seeks "Wick's personnel file including, but not limited to, any documents relating to her application for employment, interview, hiring, description of job duties, job descriptions, promotion, evaluation, compensation information, attendance, leaves of absence, disclosure of disabilities, requests for accommodation, memorandum, notes, complaints, medical records, worker's compensation records and disability claim, and offers of regular and/or modified work.

Plaintiff relies on *Hardin v. Mendocino Coast District Hospital* 2019 WL 1493354 for the proposition that personnel records even in employment cases are not discoverable. In this unpublished case, the court denied discovery of records of prior employers because defendant sought over 16 years of plaintiff's prior employment records.

Unlike *Hardin*, the employment records sought in this case cover a

four-year period. Plaintiff worked for Gallagher from approximately October 2020 to September of 2021 as a business development manager. Prior to that, Plaintiff worked for Vunetrix from January 2018 through 2020 as a Director of Sales in the Western Region. The Parties do not dispute that Plaintiff's job functions with the two prior employers were similar in nature to her job with Defendant. (Dkt. No 27.)

The Court in *Hardin* cited to *U.S. EEOC v. Vista Unified School Dist.*, where the defendants sought records from prior employers seeking *all* documents and records of plaintiff's earnings, pre-employment exams, applications for employment, absences, and incidents. *U.S. E.E.O.C. v. Vista Unified Sch. Dist.,* No. CIV 07-1825IEG(LSP), 2008 WL 4937000 (S.D. Cal. Nov. 17, 2008). The Court found that none of the documents were relevant to any party's claim or defense in this litigation. *Id*. at *1. Moreover, the requests were overbroad by seeking "all" documents that have no relevance to any claim or defense in this litigation. *Id*. However, the Court in *Vista Unified* did allow production of progress reports and performance evaluations covering a period of 4 years. *Id.*

Here, documents relating to Plaintiff's performance with the two immediate prior employers are relevant and proportional to the claims and defenses in this Action. (Dkt. No. 31.) The parties conceded at the IDC hearing that the work with Plaintiff's prior employers are substantially similar to the one she held with the defendant. (Dkt. No. 27.) Defendant asserts that "Plaintiff's performance played a role in her inclusion in that restructuring (in addition to other neutral factors)." (Dkt. No. 31 at 5.)

As to the specific categories in Request No. 2, Defendant seeks documents related to Plaintiff's "application for employment, interview, hiring" from her two prior employers. These categories are irrelevant and not proportional to the claims or defenses in this Action. The Plaintiff is not alleging a failure to hire claim so Plaintiff's Motions to Quash are GRANTED as to "application for employment, interview, and hiring" related documents.

However, documents that provide a "description of job duties, job description, promotion, evaluation" are relevant and proportional to Defendant's defense that Plaintiff's performance was a reason that she was subjected to the RIF and to Defendant's Twentieth (20th) Defense. Accordingly, Plaintiff's Motions to Quash are DENIED and production of the following documents from Plaintiff's personnel file in Request No. 2 to be produced are: (1) description of job duties, (2) job descriptions, (3) promotions, (4) evaluations, and (5) compensation information. Any privacy concerns are addressed with the operative Protective Order in this case. (Dkt. No. 21).

2. Leave Records

Defendant seeks information related to "attendance, leaves of absence… and offers of regular and/or modified work." (Dkt. No 29 & 30.)

Whether Plaintiff sought leave with her prior employers over a four-year period before working for the defendant is irrelevant to whether Plaintiff sought leave with Defendant. Such information is not

proportional to a claim or defense in this Action. As such, Plaintiff's Motions to Quash are GRANTED for attendance, leaves of absence documents, and offers of regular and/or modified work documents.

3. Medical and Worker's Compensation Records

Defendant seeks medical records and worker's compensation records. (Dkt. No. 31.)

Plaintiff asserts that Plaintiff's medical records and records related to Plaintiff's disclosure of disabilities infringe on Plaintiff's right of medical privacy.

Here, Plaintiff is alleging that she was discriminated against due to her disability and for taking leave under CFRA. (Dkt. No. 1-1.) Plaintiff alleges in her Complaint a claim for Failure to Accommodate and Failure to Engage in the Interactive Process, both violations under FEHA. (Dkt. No. 1-1.)

Because Plaintiff is asserting a claim for disability discrimination, her medical records are relevant and discoverable. However, Plaintiff's medical documents are discoverable directly from the Plaintiff. A party may seek to quash a subpoena by emphasizing that the documents can be sought from a party or other sources without the need to seek them from a nonparty by subpoena. *Soto v. Castlerock Framing & Transport, Inc.* (ED CA 2012) 282 FRD 492, 505; *Nidec Corp. v. Victor Co. of Japan* (ND CA 2007) 249 FRD 575, 577. Hence, to the extent Defendant seeks medical records and worker's compensation records, these records can be discovered directly from the Plaintiff and not from prior employers. As

such, to the extent Request No. 2 seeks medical records and worker's compensation records from Gallagher and Vunetrix, Plaintiff's Motions to Quash are GRANTED.

4. Disability Records

> Defendant seeks disclosure of "disabilities, requests for accommodation, memorandum, notes, complaints…and disability claim." (Dkt. Nos. 31 and 32.)

As addressed above, Plaintiff is asserting a claim for disability discrimination under FEHA so her medical records are relevant and discoverable. Defendant denies having received notice of Plaintiff's disability and asserts that Plaintiff has placed her medical condition at issue by bringing a FEHA disability claim. (Dkt. Nos.31 and 32.) Moreover, Defendant's Twenty-fifth (25th) Defense states that "Plaintiff did not have a qualified 'medical condition' or disability as defined under FEHA during Plaintiff's employment, at Plaintiff's termination, or both." (Dkt. No. 1-2.) Therefore, information about whether Plaintiff availed herself of an accommodation process or indicating that she has had a medical condition is relevant and proportional to defenses in this case. The employment period with Vunetrix and Gallagher are close in time to Plaintiff's employment with the Defendant. Therefore, whether Plaintiff sought accommodations previously and availed herself of the reasonable accommodation process are relevant to Defendant's defense in this Action. Any concern for Plaintiff's privacy rights is protected by the operative Protective Order entered into by the parties in this Action. (Dkt.No.27.)

The Court hereby DENIES Plaintiff's Motions to Quash and Orders production of documents of disabilities, requests for accommodation, memorandum, notes, complaints, and disability claims from Plaintiff's

direct employers, Gallagher and Vunetrix, only. In all other respects, Plaintiff's Motions to Quash are GRANTED as to Request No. 2.

**C. REQUEST NO. 3**

> Request No. 3 seeks "any and all Documents or communications in Your or Your Affiliate's possession, custody, or control referring or relating to Christine A. Wick's payroll and wage information including, but not limited to, pay stubs, wage statements, time sheets, and W-2's." (Dkt. Nos. 29 & 30.)

Plaintiff does not specifically address Request No 3, other than generally objecting to payroll-related information contained in Plaintiff's personnel file and asserting that it is protected by her right of privacy. Defendant asserts that "wage records may reflect bonuses or higher commissions indicative of strong performance." (Dkt. No. 31.)

This request is duplicative of Request No. 2 which seeks compensation information. However, wage statements reflecting bonuses or higher commissions are relevant and proportional to the claims or defenses in this Action.

The Court finds that given that Plaintiff's performance was linked to commissions, information related to Plaintiff's wages, specifically commissions and earnings, are relevant and proportional, given the temporal scope for both former employers. However, the Court limits the scope of Request No. 3 to employers that directly employed the Plaintiff and does not expand to other affiliates. Seeking records from unknown

number of affiliates is irrelevant and not proportional to the claims or defenses in this Action.

Accordingly, the Court GRANTS IN PART AND DENIES IN PART, Request No. 3 to allow production of pay stubs, wage and payroll statements. In all other respects, Plaintiff's Motions to Quash are GRANTED for all other information.

## V.
## CONCLUSION

As set forth herein, the Court hereby GRANTS IN PART AND DENIES IN PART Plaintiff's Motions to Quash Subpoenas issued to Gallagher and Vunetrix as follows:

(1) Plaintiff's Motions to Quash are GRANTED as to Request No 1;

(2) Plaintiff's Motions to Quash are GRANTED to the extent Request No. 2 seeks "Wick's personnel file including, but not limited to, any documents relating to her application for employment, interview, hiring documents, attendance, leaves of absence, memorandum, notes, complaints, medical records, worker's compensation records, and offers of regular and/or modified work.

(3) Plaintiff's Motions to Quash are DENIED as to Request No. 2 for documents describing job duties, job descriptions, promotion, evaluation, compensation information, disclosure of disabilities, requests for accommodation, and disability claims from Plaintiff's direct employers only.

(4) Plaintiff's Motions to Quash are DENIED as to Request No. 3 to the extent documents reflect Plaintiff's wages and commission earnings, including production of pay stubs, wage or payroll statements from Plaintiff's direct employers only. In all other respects, Plaintiff's Motions to Quash is GRANTED for all other information sought in Request No. 3.

IT IS SO ORDERED.

DATED: JUNE 26, 2026

HON. ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE